```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 UNITED STATES OF AMERICA                            :
                                                     :
         -against-                                   :
                                                     :
 WILLIAM BYNUM and RONALD GLEN                       :       21-CR-603 (VEC)
 DAVIS,                                              :
                                                     :           ORDER
                                    Defendants.      :
------------------------------------------------------------ X
```

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 11/10/2023 |

VALERIE CAPRONI, United States District Judge:

WHEREAS the Court held a charge conference on Thursday, November 9, 2023.

IT IS HEREBY ORDERED that, any objections or proposed substantive edits to the jury instructions must be made via letter motion not later than **Sunday, November 12, 2023, at noon**. Any objections or proposed edits to the instructions on the following legal issues must address, at a minimum, the following legal authority.

1. Theory of Defense. A defendant is only entitled to a theory of defense for which there is some foundation in the record and is not entitled to have the "exact wording of the charge he submitted to the district court read to the jury." *United States v. Meneilly*, 28 F. App'x 26, 29 (2d Cir. 2001) (cleaned up); *see also United States v. Rodriguez*, 222 F. App'x 61, 62–63 (2d Cir. 2007).

2. Specific Intent for Wire Fraud. The requirement that a defendant act "willfully" has no textual basis in the wire fraud statute. *See United States v. Middendorf*, No. 18-CR-36, 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019); *United States v. Novis*, No. 20-CR-335, 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) (collecting cases); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United*

1

*States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998).

3. <u>Specific Intent for Conspiracy to Commit Wire Fraud or Health Care Fraud</u>.  A crime of conspiracy adopts the *mens rea* requirement of the underlying substantive crime charged.  *See United States v. Kozeny*, 667 F.3d 122, 136 (2d Cir. 2011) (citing *United States v. Feola*, 420 U.S. 671, 686 (1975)).  Accordingly, courts have held that the Government is not required to prove that a defendant acted willfully in order to prove conspiracy to commit wire fraud.  *See Novis*, 2023 WL 4746541, at *23.

4. <u>Definition of Health Care Benefit Program</u>.  18 U.S.C. § 24(b) defines a health care benefit program as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."  The Second Circuit has made clear that an entity that "reimburse[s] . . . medical providers for . . . medical expenses that were incurred on behalf of . . . defendants" is a health care benefit program because the defendants "received a *medical benefit*."  *United States v. Lucien*, 347 F.3d 45, 52 (2d Cir. 2003); *see also United States v. Hasan-Hafez*, No. 16-CR-221, 2019 WL 494061, at *2 (S.D.N.Y. Feb. 8, 2019) ("Medicare and Medicaid are each considered 'health care benefit programs,' as defined by 18 U.S.C. § 24(b).").

5. <u>Unanimity on Overt Act for Conspiracy Charge</u>.  The Second Circuit has held that, for a crime of conspiracy, there is no requirement that the jury unanimously agree on which overt act has been proven in order to find that the overt act requirement has

been satisfied.  *See United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011); *see also United States v. Cote*, 615 F. App'x 39, 40 (2d Cir. 2015); *United States v. Ramsey*, No. 21-CR-495, 2023 WL 2598682, at *20 (E.D.N.Y March 22, 2023).

6. <u>Unanimity on Method of Fraud</u>.  "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime."  *Richardson v. United States*, 526 U.S. 813, 817 (1999); *see also Kozeny*, 667 F.3d at 131.  Moreover, when a unanimous finding as to a specific fact is required, "usually . . . a general instruction on unanimity is sufficient to [e]nsure that such a unanimous verdict is reached as to the factual basis for a conviction, except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion."  *United States v. Barner*, 561 F. App'x 33, 38 (2d Cir. 2014); *see also United States v. Ferguson*, 676 F.3d 260, 279–80 (2d Cir. 2011) (same).

**SO ORDERED.**

Dated: **November 10, 2023**
         New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**