```
UNITED STATES DISTRICT COURT                            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                           DOCUMENT
                                                        ELECTRONICALLY FILED
 -------------------------------------------------------------- X    DOC #:_____
                                                              :     DATE FILED: 05/16/2024
 UNITED STATES OF AMERICA                                     :
                                                              :
                      -against-                               :     21-CR-603 (VEC)
                                                              :
 WILLIAM BYNUM,                                               :     OPINION & ORDER
                                                              :
                                      Defendant.              :
                                                              :
 -------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

On November 15, 2023, Defendant William Bynum was acquitted of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. §§ 1343, 1347, 1349 (Count One), and convicted of conspiracy to make false statements relating to health care matters in violation of 18 U.S.C. § 371 (Count Two). Verdict Sheet, Dkt. 1158; Superseding Indictment (S9), Dkt. 927. Mr. Bynum moved for bail pending appeal, Mot., Dkt. 1412, and the Government opposed that motion, Gov. Opp., Dkt. 1446. For the following reasons, Mr. Bynum's motion for bail pending appeal is DENIED.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and history of this matter, which were reviewed in detail in the Court's prior Opinion denying Mr. Bynum's motion for acquittal or for a new trial.[1] Op., Dkt. 1246.

On April 16, 2024, the Court sentenced Mr. Bynum principally to a term of imprisonment of eighteen months and ordered him to surrender to his designated facility or to the United States

---

[1] On November 29, 2023, Mr. Bynum moved for acquittal, or in the alternative, for a new trial on the grounds that the conscious avoidance instruction included in the final jury charge was unwarranted and misleading; the Government opposed the motion. Post-Trial Mot., Dkt. 1182; Gov. Post-Trial Opp., Dkt. 1226. On January 16, 2024, the Court denied the motion. Op., Dkt. 1246.

Marshals Service by June 28, 2024.  Judgment, Dkt. 1391.  Mr. Bynum filed a notice of appeal on April 29, 2024.  Not. of Appeal, Dkt. 1411.  The next day, Mr. Bynum moved for bail pending appeal.  Mot., Dkt. 1412.  On May 10, 2024, the Government opposed the motion on the sole ground that Mr. Bynum's appeal did not raise a "substantial question" entitling him to bail pending appeal.[2]  Gov. Opp., Dkt. 1446.

## I. Legal Standard

Because "a guilty verdict greatly reduces a defendant's expectation in continued liberty," the relevant statutory guidance "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319, 320 (2d Cir. 2004).  Accordingly, a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained" unless the Court finds: (1) by clear and convincing evidence that the person is not dangerous or likely to flee; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in, among other things, a reduced sentence to a term of imprisonment less than the anticipated length of the appeal process. 18 U.S.C. § 3143(b); *see also United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985).

A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close' question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (cleaned up).  The defendant bears the burden of demonstrating that this requirement is met. *Id*.

---

[2]    The Court agrees with the parties that Mr. Bynum is not a danger to the community or likely to flee, nor has he taken his appeal in bad faith or for the purpose of delay.  *See* Gov. Opp., Dkt. 1446 at 2 n.1.

## II.     Mr. Bynum's Appeal Does Not Raise a Substantial Question

Mr. Bynum asserts that his appeal will seek to relitigate the arguments he previously made, and the Court rejected, in his post-trial motion — namely that the conscious avoidance instruction was unwarranted and misleading.  Post-Trial Mot., Dkt. 1182 at 1.  As the Court previously explained, those arguments are wholly without merit.

The inclusion of a conscious avoidance charge was proper.  A conscious avoidance instruction is warranted if (1) the defendant asserts "the lack of some specific aspect of knowledge required for conviction," and (2) the evidence would allow a rational juror to conclude that the defendant "was aware of a high probability of the criminal objective and consciously avoided confirming the fact."  *United States v. Lewis*, 545 F. App'x 9, 11 (2d Cir. 2013) (cleaned up).

The first factor was present because Mr. Bynum repeatedly testified that he never suspected that his conduct was unlawful or that the invoices he submitted were falsified — despite the many red flags surrounding his transactions with Terrence Williams and the NBA Plan.  *See, e.g.*, Tr. 1516:2–7, 1518:18-24, 1522:14–1523:8;[3] *United States v. Aina-Marshall*, 336 F.3d 167, 171 (2d Cir. 2003) (concluding that a conscious avoidance charge "is appropriate in all but the highly unusual — perhaps non-existent — case" if a defendant testifies that he lacked the requisite knowledge).

The second factor was also present because the evidence at trial overwhelmingly established that Mr. Bynum was aware that the scheme was likely illegal but buried his head in the sand.  At trial, the Government introduced evidence tending to establish that: (1) Mr. Bynum received the putative health care invoices from a former NBA player's personal email address,

---

[3]     References to "Tr." are to the trial transcript. *See* Dkts. 1160–76.

not from a medical provider; (2) the invoices totaled exactly $200,000; (3) the services were provided in Los Angeles at a time when Mr. Bynum was living in the Chicago area; (4) Terrence Williams required a $30,000 fee to pay someone's taxes, although Mr. Williams never represented himself to be an accountant or an agent of the Internal Revenue Service or otherwise explained why taxes would be due or who would owe taxes on the transaction; and (5) Mr. Williams pressured Mr. Bynum (to the point of annoying Mr. Bynum) to seek reimbursement of expenses Mr. Bynum purportedly incurred.  *See* Op. at 12.  Despite this "parade of red flags," Mr. Bynum never consulted his financial advisor or asked Mr. Williams any follow-up questions. *Id.*; *see also United States v. Blake*, No. 05-CR-443 (NRB), 2007 WL 4249092, at *2 (S.D.N.Y. Nov. 29, 2007) (denying bail pending appeal of conscious avoidance instruction where the evidence showed that the defendant "made a deliberate and conscious effort to avoid knowledge of the fraudulent scheme").

In short, the propriety of the Court's decision to include a conscious avoidance charge "is not a substantial issue for appeal, particularly when the defendant simply ignores the trial record and the Court's reasoning in the post-trial motions."[4]  *United States v. Aiyer*, 500 F. Supp. 3d 21, 25 (S.D.N.Y. 2020); *see also United States v. Mendlowitz*, No. 17-CR-248 (VSB), 2021 WL 4892860, at *4 (S.D.N.Y. Oct. 20, 2021) (denying motion for bail pending appeal based on propriety of conscious avoidance charge because it was not a "close question[]").

---

[4] For this reason, the two cases on which Mr. Bynum relies to argue that the issue of conscious avoidance presents a substantial question in this case are distinguishable. *See* Mot., Dkt. 1412 at 2.  Neither the court in *United States v. Kaplan*, No. 02-CR-883 (DAB), 2005 WL 3148060 (S.D.N.Y. Nov. 21, 2005), nor *United States v. Tunick*, No. 98-CR-1238 (SAS), 2001 WL 282698, at *9 (S.D.N.Y. Mar. 21, 2001), engaged in a thorough analysis, but both appeared to view the evidence at trial as presenting a close question of whether the defendant was merely negligent or consciously avoided the truth; here, in contrast, the record evidence is overwhelming that Mr. Bynum knew, or consciously avoided knowing, the illegal nature of his conduct.  *See Kaplan*, 2005 WL 3148060, at *2; *Tunick*, 2001 WL 282698, at *2.

Mr. Bynum's post-trial motion also argued that, even if the conscious avoidance charge were properly given, it was misleading because, read in isolation, it might suggest that the jury could find that Mr. Bynum knowingly joined the conspiracy on a conscious avoidance theory. To the extent that Mr. Bynum claims that argument presents a substantial question, the Court finds that it does not. As the Court previously explained, it is black letter law that jury instructions are interpreted in the context of the entire charge, and the instructions expressly stated that the jury could not rely on "conscious avoidance in deciding whether the defendant knowingly and willfully joined the conspiracy." Op. at 8–9 (quoting Tr. 2171:23–25).

## CONCLUSION

For the foregoing reasons, Mr. Bynum's motion for bail pending appeal is DENIED. Pursuant to the Court's April 17, 2024, Order, Mr. Bynum is ordered to surrender to his designated facility by **June 28, 2024**. Judgment, Dkt. 1391. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 1412.

**SO ORDERED.**

Date:  May 16, 2024
       New York, NY

                                       **VALERIE CAPRONI**
                                       **United States District Judge**